

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 08 2024

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Ezamika Brown #116759, Plaintiff

v.

Sergeant (SGT.) Marquez, Defendant
Correctional Officer (C/O) Juarez, Defendant
Warden Mark Fairbairn, Defendant
Captain Lorenzo Tobin, Defendant
Health Service Administrator (HSA) Lindsay Gouty, Defendant
Nurse Lisa, Defendant
Nurse Jane Doe (Ramona), Defendant

**Jury Trial requested:**
(Please check one)
__X__ Yes ____ No

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**A. PLAINTIFF INFORMATION**

Original form provided free of charge by CO DOC Legal Services
Offender: Brown     DOC# 116759
Date: MAR 29 2024

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Ezamika Brown #116759 AVCF 12750 State Highway 96 at Lane 13 Ordway, Co. 81034
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
_X_ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Sergeant Marquez (Correctional Officer) and C/O Juarez,
(Name, job title, and complete mailing address)

Arkansas Valley Correctional Facility (AVCF) 12750 State HWY. 96 at Lane 13, Ordway, Co. 81034

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendants Marquez and Defendant Juarez both were employed by the Colorado Department of Corrections as a Correctional Officer

Defendant 1 is being sued in his/her _X_ individual and/or ___ official capacity.

2 Original form provided free of Charge by CO DOC Legal Services to
Offender  Brown           DOC# 116759
Date     MAR 29 2024

Defendant 2:   Warden Mark Fairbairn and Captain Lorenzo Tobin
(Name, job title, and complete mailing address)

Arkansas Valley Correctional Facility (AVCF) 12750 State HWY at Lane 13, Ordway, Co. 81034

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendants were both employed by the Colorado Department of Corrections. Defendant Mark Fairbairn was the Warden of AVCF and Defendant Lorenzo Tobin is Captain/Shift Commander of AVCF

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3:   Lindsay Gouty (HSA)-Health Services Administrator
(Name, job title, and complete mailing address)

Arkansas Valley Correctional Facility (AVCF) 12750 State HWY at Lane 13, Ordway, Co. 81034

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant Lindsay Gouty is employed by the Colorado Department of Correction as the Health Services Administrator (HSA) at AVCF

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 4:   Nurse Lisa and Jane Doe Nurse
Arkansas Valley Correctional Facility (AVCF) 12750 State HWY. at Lane 13 Ordway, Co. 81034
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (check one).  Briefly explain:

Defendant Nurse Lisa and Defendant Jane Doe Nurse were both employed by the Colorado Department of Correction as Registered Nurses at AVCF

Original form provided free of Charge by CO DOC Legal Services to
Offender  Brown                DOC# 116759
Date   MAR 2 9 2024

Defendant 3 is being sued in his/**her**  X  individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__ State/Local Official (42 U.S.C. § 1983)

____ Federal Official

As to the federal official, are you seeking:

___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____ Other: (*please identify*) _____

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  Defendants Sgt. Marquez and Defendant C/O Juarez callously disregarded their "gatekeeper role" and acted with deliberate indifference by preventing Mr. Brown from receiving medical treatment and denied him access to medical personnel capable of treating and evaluating his serious medical needs, an eighth amendment violation. Defendant Sgt. Marquez also used excessive force by using the handcuffs as a weapon solely to inflict pain and suffering, which is also an eighth amendment violation

Original form provided free of Charge by CO DOC Legal Services to
Offender: Brown    DOC# 116759
Date MAR 29 2024

Claim one is asserted against these Defendant(s): Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein. The actions of defendants Sergeant (SGT.) Marquez and Correctional Officer (C/O) Juarez as described herein, while acting under color of state law, intentionally deprived Mr. Brown of the securities, rights, privilege, liberties, and immunities secured by the Constitution of the United States of America, including his right to be free from excessive force and cruel and unusual punishment, and they were deliberately indifferent to his serious, life-threatening medical needs which is a violation as guaranteed by the eighth Amendment of the Constitution of the United States of America.

1. Two months prior to this incident Mr. Brown has two heart surgeries (June 2-11, 2023): 1) a heart ablation, 2) a placement of an Implantable Cardioverter Defibrillator (ICD/Defibrillator).

2. On August 11, 2023 at Arkansas Valley Correctional Facility (AVCF) where Mr. Brown is an inmate, he was not feeling well after being shocked by the ICD (defibrillator). Mr. Brown was having chest pains, shortness of breath, and feeling dizzy. Mr. Brown takes cardiac medication every morning, which requires him to go to the med-line window at AVCF.

3. At the med-line window Mr. Brown told the defendant Nurse Lisa and Jane Doe Nurse that "he was having chest pains, shortness of breath, and was very dizzy after being shocked by his ICD."

4. Defendant's Nurse Lisa and Jane Doe Nurse are familiar with Mr. Brown and aware of the seriousness of his heart condition. On multiple occasions Nurse Lisa took Mr. Brown's vitals while processing him into the medical department at AVCF.

5. Defendant Nurse Lisa responded by sticking to AVCF/DOC's custom and policy of "not giving medical attention to an inmate in need because the medical emergency declaration is not declared in the proper place (the housing unit)."

6. Defendant Nurse Lisa told Mr. Brown "to go back to his housing unit to declare a medical emergency."

7. Mr. Brown explained to defendant Nurse Lisa that he just had two heart surgeries and was shocked by his defibrillator, but she continued to tell him to go back to the housing unit. Mr. Brown spoke to defendant C/O Juarez to ask for help; but C/O Juarez told him to go back to the unit.

8. At this point Mr. Brown was so dizzy that he needed to sit down to avoid collapsing. Defendant C/O Juarez called his supervisor, defendant Sergeant Marquez.

9. Once defendant SGT. Marquez reached the med-line area SGT. Marquez asked Mr. Brown, "what is your problem?"

10. Mr. Brown told Sgt. Marquez that he just had two heart surgeries and he was having chest pains with shortness of breath after being shocked by defibrillator.

11. Defendant Sgt. Marquez said that Mr. Brown had two option: (1) go back to the housing unit and have unit staff declare a medical emergency for him or (2) go to restrictive housing (R.H.).

12. Because of the chest pains and shortness of breath, Mr. Brown could not go back to the housing unit because he felt like he would die if he didn't get immediate medical attention. Defendant Sgt. Marquez made Mr. Brown roll over on the ground so she could put handcuffs on him, while she put handcuffs on Mr. Brown he felt a pain in his ribs, he believes it was defendant Marquez's knee.

13. While lying on the ground Mr. Brown continued to complain of shortness of breath

Original form pro~~~~~~~~~~~~~~~~~
Offender Brown                    DOC# 116759
Date MAR 29 2024

and chest pains but defendant's Sgt. Marquez and C/O Juarez treated Mr. Brown like George Floyd by ignoring his pleas for medical help. Sgt. Marquez and C/O Juarez intent was to take Mr. Brown to Restrictive housing.

14. Shortly thereafter while defendants Sgt. Marquez and C/O Juarez were dragging Mr. Brown to restrictive housing he loss consciousness. Mr. Brown thought he was dying as his eyes were closing (there is eyewitness testimony/affidavit).

15. Upon regaining consciousness Mr. Brown was laying on his side with his hands cuffed behind his back. Defendant Captain Lorenzo Tobin told defendant Sgt. Marquez to take the handcuffs off of Mr. Brown.

16. At first defendant Sgt. Marquez hesitated, then when she got his point, Sgt. Marquez forcefully pulled at Mr. Brown's wrist. Sgt. Marquez begin to use excessive force by cranking the handcuffs on Mr. Brown's wrist using them as a weapon solely for the purpose to inflict needless pain and suffering on Mr. Brown, a clear violation of his eighth Amendment right to freedom from cruel and unusual punishment.

17. Mr. Brown began to scream in agony, he continued to scream while the Emergency Response Team (EMT), Captain Tobin, and AVCF's medical staff all did nothing to stop Sgt. Marquez from twisting the handcuffs on his wrist (there is camera/ bodycam footage available). Sgt. Marquez's action were dangerous because doctors have advised Mr. Brown to avoid any extreme emotional outburst because it can induce a defibrillation shock.

18. While being assaulted in this manner Mr. Brown was still suffering chest pains, shortness of breath, and feeling dizzy.

19. Eventually, Mr. Brown was seen by the medical department; An EKG was done by the medical staff and Mr. Brown was taken to the hospital to get further care for his serious medical needs.

20. Mr. Brown was shocked by the ICD/defibrillator four additional times after the initial shock at AVCF. Mr. Brown explains being shocked by the defibrillator is a traumatic experience. It is very painful, it can knock Mr. Brown to the ground. Mr. Brown has also experienced memory loss because of the defibrillation shocks.

21. The ICD/defibrillator was implanted for Mr. Brown's need to shock his heart back to normal rhythm and avoid cardiac arrest.

22. Mr. Brown was taken to the hospital August 11, 2023 and released from the hospital on August 15, 2023 four days later.

23. Defendant Sgt. Marquez's callously disregarded her "gatekeeper role" and acted with deliberate indifference by preventing Mr. Brown from receiving medical treatment and denied him access to medical personnel capable of treating and evaluating his serious medical needs, an eighth amendment violation. Mr. Brown could have also avoided the unnecessary, painful, and traumatizing defibrillation shocks, if not for Sgt. Marquez and C/O Juarez's deliberate indifference to his serious life-threatening outside medical needs.

24. Defendant SGT. Marquez also used excessive force while Mr. Brown was in need of immediate medical care by unnecessarily putting him in handcuffs, and using the handcuffs as a weapon by cranking them on Mr. Brown's wrist solely for the purpose of inflicting pain and suffering, also an eighth amendment violation.

25. Defendant SGT. Marquez's deliberate indifference was the cause of Mr. Brown's unnecessary pain and suffering and put his life in serious harm of death.

6
Original form provided free of Charge by CO DOC Legal Services
Offender: Brown    DOC# 116759
Date: MAR 29 2024

D.   STATEMENT OF CLAIM(S)

CLAIM TWO: <u>Defendants Warden Mark Fairbairn and Captain Lorenzo Tobin's Failure to train, Failure to supervise, Failure to investigate, Policies/ Customs/ Practices which was the driving force that caused the constitutional violations of excessive force and deliberate indifference of the 8th Amendment</u>

     Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein. At all times relevant to the allegations in complaint, defendants Warden Mark Fairbairn and Captain Lorenzo Tobin acted or failed to act under color of state law.

     26. Defendant Fairbairn and Defendant Tobin had a duty to train and supervise the Correctional Officers and Medical Staff to ensure the safety and well-being of prisoners such as plaintiff confined at AVCF.

     27. Defendant Fairbairn and Defendant Tobin failed to discharge this duty in several respects which both caused the constitutional violations experienced by plaintiff and exacerbated the extent of the physical and psychological injuries he suffered therefrom.

     28. Defendant Fairbairn and Defendant Tobin acted intentionally in failing to adequately train and supervise correctional officers and medical staff, particularly with regards to deliberate indifference toward plaintiff's serious medical needs, Defendant Fairbairn and Defendant Tobin's conduct was motivated by reckless and callous indifference to the federally protected rights of inmates in their custody.

     29. Defendant Warden Fairbairn was responsible for the creation of customs, policies, and practices at AVCF regarding when it is appropriate to use handcuffs/restrains and use force on an inmate.

     30. Defendant Captain Tobin was also responsible for the implementation and supervision of the use of those actions, customs, policies, and practices at AVCF.

     31. Defendant Warden Fairbairn implemented training and policies that led to Correctional Officers such as Defendant SGT. Marquez and C/O Juarez, who can be seen on video handcuffing and cranking them on the plaintiff's wrist.

     32. By official DOC policy, handcuffs and restraints are not to be used on a compliant inmates.

     33. Defendants, Marquez and Juarez, they did in fact cause Mr. Brown tremendous and substantial pain, and he can be observed on one of the videos, crying out in response to the infliction of needless pain. This cruel and unusual punishment in violation of plaintiff no bystander officer stopped her or attempted to intervene. This was because the use of handcuffs and cranking (twisting) them solely to inflict pain on disliked, compliant inmates at AVCF was common policy and practice. Solely by virtue of defendants Warden Fairbairn and Captain Tobin's promulgation of this policy and practice, and their failure to properly train and supervise thereon, nearly all the staff at AVCF defendant Warden Fairbairn and Captain Tobin included- were deliberately indifferent to the inmates' constitutional rights to not be subjected to needless pain and excessive use of force as well as the substantial risk that such deliberate indifference would in fact cause regular constitutional violations involving the infliction of needless pain and excessive uses of force. This custom and the training provided (or not provided) thereon by defendants Warden Fairbairn and Captain Tobin was thus naturally a driving force behind the additional needless pain and suffering plaintiff was force to endure after the plaintiff declared a medical emergency for his serious life-threatening medical needs. This sort of training provided

7

Original ~~~~~~~~~~ free of Charge by CO DOC Legal Services to
Offender: Brown    DOC# 116759
Date: MAR 29 2024

by defendant Warden Fairbairn and Captain Tobin (and possibly the DOC itself) was also a moving force behind, and foreseeable cause of, the constitutional violations and injuries suffered.

(Failure to supervise and investigate Employees' known patterns of escalating threats and harassment against plaintiff):

34. Defendants Warden Fairbairn and Captain Tobin were each personally aware that defendant Marquez had, harassed and threatened plaintiff in the months following defendant Marquez's constitutional violation.

35. Defendant Warden Fairbairn and Captain Tobin were also each personally aware that defendant Marquez had a reputation for being a "snap case" officer quick to anger and disturbingly eager to initiate and participate in use of force and harassment against inmates.

36. Despite this knowledge, defendants Warden Fairbairn and Captain Tobin tasked defendant Marquez with unmonitored interaction with the plaintiff while he was having a life-threatening medical emergency. After Mr. Brown was released from the hospital, C/O Mrs. Miller expressed that she had seen Mr. Brown in front of the med-line window on August 11th, 2023 and she "knew that it was going to be a bad situation for him, because Sgt. Marquez was involved."

37. Defendant Warden Fairbairn and Captain Tobin did this with deliberate indifference to plaintiff's constitutional rights, and reckless disregard for the harm that would likely result to plaintiff if defendant Marquez was unmonitored.

38. Had defendant Warden Fairbairn and Captain Tobin properly executed their duties to supervise their employees and investigate known complaint of escalating threats/ harassment by their employees and known patterns indicating a dangerous proclivity for uses of force and harassment by their employees, the attack and deliberate indifference to plaintiff's serious life-threatening medical needs never would have happened.

39. Defendant Warden Mark Fairbairn and Captain Lorenzo Tobin have created policies, customs, and practices that reward the actions set forth in this complaint by promoting defendant Marquez to be a higher ranking officer (from a Sergeant to Lieutenant), which sends the message to other officers that if they want to advance in their careers faster than reckless disregard, deliberate indifference, and violating the constitutional rights of prisoners will help their advancement. It is rightly interpreted by Correctional Officers at AVCF that the fore mentioned behavior is encouraged.

40. If defendant Warden Mark Fairbairn and Captain Lorenzo Tobin properly investigated numerous filed grievances informing defendants Warden Fairbairn and Captain Tobin of repeated harassment and verbal antagonism of inmates by Sgt. Marquez the assault on Mr. Brown and his constitutional rights would not have happened.

41. Plaintiff's family members, including his sister complained to defendant Warden Fairbairn and Captain Tobin to alert them to defendant Marquez's escalating antagonism and threats against plaintiff.

42. Defendant Warden Mark Fairbairn and Captain Lorenzo Tobin knowingly and willfully ignored all of these indicators of impeding harm to plaintiff. For these reason set forth, defendant Warden Mark Fairbairn and Captain Lorenzo Tobin were both deliberate indifferent to Mr. Brown's serious medical needs by failing to train, supervise, and investigate their employees. Defendant's Fairbairn and Tobin also have created policies, culture, and customs that were a driving force which was the cause for the constitutional violations of Mr. Brown's rights.

Original form provided free of Charge by CO DOC Legal Services to
Offender: Brown   DOC# 116757
Date: MAR 29 2024

D.  STATEMENT OF CLAIM(S)

CLAIM THREE: <u>Health Services Administrator (HSA) Lindsay Gouty's Failure to train, Failure to supervise, Failure to investigate, Policies/ Customs/ Practices causing constitutional violations</u>

Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein. At all times relevant to the allegations in complaint, Defendant Health Services Administrator (HSA) Lindsay Gouty acted or failed to act under color of state law.

43. Defendant Lindsay Gouty had a duty to train and supervise Medical staff to ensure the safety and medical well-being of prisoners as well as plaintiff confined at AVCF.

44. Defendant (HSA) Lindsay Gouty failed to discharge this duty in several respects which caused the constitutional violations experienced by plaintiff and exacerbated the extent of the physical and psychological injuries he suffered therefrom.

45. Defendant (HSA) Lindsay Gouty acted intentionally in failing to adequately train and supervise medical staff, particularly with regards to deliberate indifference towards plaintiff's life-threatening medical needs, and failure thereafter to provide critical medical care to plaintiff.

46. Defendant (HSA) Lindsay Gouty's conduct was motivated by reckless and callous indifference to the federally protected rights of inmates in her care.

47. Defendant (HSA) Gouty was responsible for the creation of custom, policies, and practices at AVCF medical department, regarding *when it is appropriate to give medical attention to an inmate.*

48. Defendant (HSA) Lindsay Gouty was also responsible for implementation and supervision of *when denying medical attention to a patient is appropriate.*

49. By official DOC policy, (Colorado Department of Corrections Clinical Standards and Procedures for health care providers and well-established standards of nursing care): "Acute cardiac disease is the greatest single, potentially correctable, cause of death within the department's population and therefore, patients *must* [emphasis added] be carefully screened to prevent missing a diagnosis."

50. Defendant (HSA) Lindsay Gouty failed to properly train and supervise defendants Nurse Lisa, defendant Jane Doe Nurse, and her subordinate medical staff of "*when* it is a *must* that a patient be carefully screened to prevent missing a diagnosis."

51. Mr. Brown suffered a defibrillation shock on the morning of August 11th, 2023. Diagnosing the purpose for the shock is time-sensitive for the patient's survival. Defendant (HSA) Gouty's failure to properly train and supervise Nurse Lisa and Jane Doe Nurse caused both of them to tell Mr. Brown to go back to the housing unit. This was an unnecessary delay in Mr. Brown's need for outside follow-up testing to assess and treat Mr. Brown's heart condition, it was basic medical treatment plaintiff required.

52. Defendant (HSA) Gouty's actions were deliberately indifferent to Mr. Brown's known life-threatening medical needs.

53. Defendant (HSA) Lindsay Gouty's deliberate indifference did in fact cause him tremendous and substantial pain when defendant Nurse Lisa and Jane Doe Nurse under defendant (HSA) Lindsay Gouty's authority denied Mr. Brown medical treatment for his life-threatening medical needs at the med-line window.

54. Mr. Brown suffered four additional defibrillation shocks because of defendant (HSA) Lindsay Gouty's failure to train and supervise Nurse Lisa and Jane Doe Nurse to screen Mr. Brown when he came to the med-line window asking for medical help while experiencing chest

9

pains after the initial defibrillation shock.

55. Defendant (HSA) Lindsay Gouty dereliction of duty was also the cause for the delaying of Mr. Brown's need for outside medical care. The custom of neglecting their "gatekeeper's role," was rightfully interpreted by (HSA) Gouty's subordinates to be normal conduct allowed at AVCF medical department by defendant (HSA) Lindsay Gouty. Defendant Lindsay Gouty's deliberate indifference continues to subject all of the inmates to an Eighth Amendment violation in her care at AVCF.

D.   STATEMENT OF CLAIM(S)

CLAIM FOUR: <u>Defendants Nurse Lisa and Jane Doe Nurse callously refused to fulfil their "gatekeeper role" and acted with deliberate indifference by preventing Mr. Brown from receiving medical treatment and denied him access to medical personnel capable of treating and evaluating his serious medical needs, an eighth amendment violation.</u>

Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein. The actions of defendants as described herein, while acting under color of state law, intentionally deprived plaintiff Ezamika Brown of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his rights to be free from deliberate indifference to his serious medical needs and freedom from cruel and unusual punishment as guaranteed by the Eighth Amendment of the Constitution of the United States.

56. At all times relevant to the allegations in this complaint, defendants Nurse Lisa and Jane Doe Nurse knew of Mr. Brown's life-threatening heart condition, the fact that plaintiff had most certainly sustained chest pains and a defibrillation shock and that outside follow-up testing to assess and treat Mr. Brown's heart condition was basic medical treatment plaintiff required.

57. By official DOC policy, (Colorado Department of Corrections Clinical Standards and Procedures for health care providers): "Acute cardiac disease is the greatest single, potentially correctable, cause of death within the department's population and therefore, patients *must* [emphasis added] be carefully screened to prevent missing a diagnosis."

58. Nevertheless, and with deliberate indifference to Mr. Brown's Constitutional Rights to receive necessary medical care, protected under the Eighth Amendment to the United States Constitution, defendants Nurse Lisa and Nurse Jane Doe failed to examine, treat, and care for Mr. Brown's severe life-threatening heart condition, placing Mr. Brown at risk of substantial additional physical harm as well as risk to heart damage or death.

59. Deliberate indifference to these serious medical needs did in fact cause plaintiff to suffer multiple unnecessary shocks from ICD/defibrillator, which is in place to keep the plaintiff alive. These defibrillation shocks are traumatizing for Mr. Brown. The shocks can be compared to being kicked square in the chest by a horse. Mr. Brown explains that for him, a defibrillation shock is like "his life stops and flashes before his eyes".

60. Defendants Nurse Lisa and Jane Doe Nurse willful disregard to Mr. Brown's serious medical needs is a violation of their "gatekeeper role" as medical officials, an eighth amendment violation. Mr. Brown needed defendants Nurse Lisa and Nurse Jane Doe's medical assistance at the med-line window on August 11, 2023 at AVCF. Mr. Brown was forced to endure 4 or 5 (Mr. Brown does not remember/memory loss) avoidable defibrillation shock, because Nurse Lisa and Jane Doe Nurse were deliberately indifferent and caused unnecessary delay for his medical needs.

Original form provided free of Charge by CO DOC Legal Services to
Offender _Brown_ DOC# 116759
Date MAR 29 2024

61. Mr. Brown complained of having chest pains, shortness of breath, and feeling dizzy after a defibrillation shock. Defendants Nurse Lisa and Nurse Jane Doe both violated Mr. Brown's Eighth Amendment Rights to medical care by opting to follow AVCF/DOC's defective policies and custom "to send a patient back to the housing unit when they are having a medical emergency." This policy continues to be implemented and is violating the constitutional rights of inmates in their care daily.

62. Defendant Nurses Lisa and Jane Doe Nurse had a duty to follow medical protocol that requires referral of minimal diagnostic testing to confirm the symptoms, but instead refused Mr. Brown medical treatment. This was a violation of Mr. Brown's eighth amendment constitutional rights.

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                  _____

Docket number and court:                  _____

Claims raised:                            _____

Disposition: (is the case still pending?
Has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:      _____

Result on appeal, if appealed:            _____

Original form provided free of charge
Offender Brown    DOC# 116759
Date MAR 29 2024

11

F.  **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    _X_ Yes ___ No (*check one*)

Original form provided free of charge by CO DOC Legal Services to
Offender Brown                    DOC# 116759
12   MAR 2 9 2024

G.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Wherefore, Plaintiff Mr. Brown respectfully request that this court enter judgment in his favor and against the defendants and grant:
   a. Appropriate declaratory relief;
   b. Compensatory and consequential damages, including damages for physical harm, physical injuries, psychological trauma, defibrillation shocks, emotional distress, anxiety, depression, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
   c. Monetary damages for all economic and noneconomic loss on all claims as allowed by law in an amount to be determined at trial ;
   d. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
   e. Attorneys' fees and cost associated with this action on all claims allowed by law;
   f. Pre and post judgment interest at the lawful rates; and
   g. Any further relief that this court deems just and proper, and any other relief as allowed by law.

Original form provided free of charge by CO DOC Legal Services to Offender **Brown**                    DOC# **116759**
MAR 29 2024

**H.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

3/29/2024
_____
(Date)

(Revised November 2022)

Original form provided free of charge by CO DOC Legal Services to
Offender **Brown**                                        DOC# 116759
Date **MAR 29 2024**

**Colorado Department of Corrections**
Name: EZHMIKA BROWN
Register #: 116759
Unit: 2A31
Address: 12750 ST. Hwy 96 at Lane 13
City/State/Zip: Ordway, CO. 81034

US POSTAGE
quadient
FIRST-CLASS MAIL
IMI
$002.59
04/04/2024 ZIP 81034
043M31221656

Clerk of the Court
Alfred A. Array United States Courthouse
901 19th Street, Room A105
Denver, CO. 80294-3589

AVCF   04/3/24

FAC" Carney

STAFF LAST NAME   ID#   INT

116759   Ezamse Brown   EB

DOC#   OFFENDER NAME   INT