IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-00968-GPG-STV

EZAMIKA BROWN,

    Plaintiff,

v.

MARQUEZ, SERGEANT,
JUAREZ, CORRECTIONAL OFFICER,
MARK FAIRBAIRN, WARDEN,
LORENZO TOBIN, CAPTAIN
LINDSAY GOUTY, HEALTH SERVICE ADMINISTRATOR,
NURSE LISA, and
NURSE JANE DOE,

    Defendants.

## ORDER

Before the Court is Plaintiff Ezamika Brown's Motion Seeking a Preliminary Injunction (D. 5). For the reasons stated below, Plaintiff's motion is DENIED.

### I. PRO SE SUMMARY

Because Plaintiff proceeds without an attorney, it is in the interest of justice to provide a brief summary of this Order. Plaintiff is asking the Court to enter a preliminary injunction compelling the Defendants in this action to provide him with "adequate medical care." But preliminary injunctions are extraordinary remedies and may only be awarded when the movant shows a clear and unequivocal right to relief. The movant must, among other things, demonstrate that he will be irreparably harmed if he does not receive an injunction. Here, Plaintiff points to

1

two seemingly isolated incidents (one of which he did not allege in his Complaint) to show that he is not receiving adequate medical care. But these incidents are insufficient to show that Defendants are chronically mistreating Plaintiff, such that he will be irreparably harmed if the Court does not issue a preliminary injunction. For this reason, the Court is denying Plaintiff's motion.

## II. FACTUAL BACKROUND

Plaintiff is incarcerated at the Arkansas Valley Correctional Facility (AVCF). He suffers from a cardiovascular condition that required him to receive an Implantable Cardioverter Defibrillator (ICD). Plaintiff seeks a preliminary injunction compelling the Defendants in this case (who serve in a variety of roles at the AVCF) to "provide Plaintiff with adequate medical care when a medical emergency is declared outside of the housing unit" and to "carry out that plan of treatment, where any inmate declares a medical emergency."

In support his motion for a preliminary injunction, Plaintiff points to two instances in which Defendants allegedly provided him with deficient care. The first instance occurred on August 11, 2023, after Plaintiff allegedly experienced chest pains, shortness of breath, and dizziness. Because he did not believe that he would receive prompt medical attention if he remained in his housing unit, he asked the nurses managing the AVCF's medical line for medical attention when he picked up his heart medications. Allegedly, even though Plaintiff was in visible pain, they directed him to return to his housing unit and declare a medical emergency. The second instance—which Plaintiff did not reference in his Complaint—allegedly occurred on January 15, 2024. Plaintiff alleges that he was not able to take his heart medication at the appropriate time because AVCF personnel delayed making the usual noon medical-line call.

### III.  LEGAL STANDARDS

#### A.  Preliminary Injunction

To prevail on a motion for a preliminary injunction, the movant must prove: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury unless the injunction is issued; (3) that the threatened injury (without the injunction) outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction will not adversely affect the public interest. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (internal quotations and citation omitted). "An injunction can issue only if each factor is established." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022) (citation omitted). The final two requirements (harm to the opposing party and the public interest) merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Tenth Circuit's definition of "probability of success" is liberal, especially where "the moving party has established that the three 'harm' factors tip decidedly in its favor." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted). The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits. *Id*. at 1259.

#### B.  Pro Se Plaintiff

Courts must liberally construe pro se parties' filings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "this liberal

3

treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Pro se parties still must still follow the procedural rules that every other litigant must follow. *Id.* And ultimately, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* The Court may not, for example, "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991).

## IV.  ANALYSIS

Plaintiff fails to establish any of the required elements of the preliminary injunction test. But because the test is conjunctive—meaning that Plaintiff must prove each and every element before the Court may award preliminary injunctive relief—the Court focuses its analysis on the second element: the prospect of irreparable harm if a preliminary injunction does not issue.

Plaintiff has not shown that irreparable harm will result if he does not receive the injunction he requests because he has not shown that he is chronically receiving deficient care. Plaintiff has pointed to only two incidents. Even assuming the Court could consider both incidents—including an incident that is not technically at issue in this lawsuit because Plaintiff did not allege it in his Complaint—in its preliminary injunction analysis, these two examples of allegedly deficient care do not show that Plaintiff is (and will continue receiving) constitutionally inadequate healthcare. The fact that Plaintiff was told to return to his housing unit for medical assistance on one occasion does not mean that he does not receive adequate medical care in general, or that the circumstances under which he was allegedly denied medical care are likely to replicate themselves. The second incident involves a different kind of purported mistreatment and is not germane to Plaintiff's contention that inmates are denied medical care when emergencies occur outside of their housing

units. Moreover, to the extent that Plaintiff contends that Defendants regularly fail to provide him with his required medication and treatment for his cardiac condition, their failure to promptly provide his medication on one occasion does not show that.

Based on the limited record before it, the Court will not intervene in the operations of the AVCF. But because Plaintiff proceeds pro se, and may be able to allege additional facts more supportive of a request for preliminary relief, the Court denies Plaintiff's motion without prejudice.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's motion for a preliminary injunction is DENIED.

DATED June 18, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge