IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00968-GPG-STV

EZAMIKA BROWN,

    Plaintiff,

v.

MARQUEZ, SERGEANT,
JUAREZ, CORRECTIONAL OFFICER,
MARK FAIRBAIRN, WARDEN,
LORENZO TOBIN, CAPTAIN,
LINDSAY GOUTY, HEALTH SERVICE ADMINISTRATOR,
NURSE LISA,
NURSE RAMONA,

    Defendants.

## PROPOSED SCHEDULING ORDER[1]

### 1. DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference will occur on July 17, 2024 at 11:30 a.m. before

---

[1] Since Plaintiff is incarcerated and appearing pro se, Defendants' counsel mailed a letter to Plaintiff on June 27, 2024 containing instructions for completing his portions of the within version of the proposed scheduling order. Plaintiff was instructed to return to counsel via U.S. mail a version of the proposed scheduling order that included his input, and to note any disputes or disagreements with the discovery schedule put forth by Defendants. To date, Defendants' counsel has received no response to their letter. Accordingly, Defendants respectfully submit the within version of the proposed scheduling order which contains only their input).

1

Magistrate Judge Scott T. Varholak. Appearing for the parties are:

Plaintiff, Ezamika Brown (No. 116759), appeared pro se:

  Arkansas Valley Correctional Facility
  127500 Hwy 96 at Lane 13
  Ordway, CO 81034

Defendants Moraima Marquez, Jeremiah Juarez, Mark Fairbairn, Lindsay Gouty, Lorenzo Tobin, and Lisa Hanks ("CDOC Defendants") will be represented by:

  **Gregory R. Bueno**
  **Abigail L. Smith**
  Assistant Attorney General
  Civil Litigation & Employment Law Section
  1300 Broadway Street, 10th Floor
  Denver, CO 80203
  Telephone: (720) 508-6644 | (720) 508-6233
  Fax: (720) 508-6032
  E-Mail: gregory.bueno@coag.gov
        abigail.smith@coag.gov

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 on the grounds that this action arises under 42 U.S.C. § 1983.

## 3. STATEMENT OF CLAIMS AND DEFENSES

  a.   Plaintiff: See operative Complaint

  b.   Defendants: Defendants submit that they did not use excessive force nor were they deliberately indifferent to Plaintiff's medical needs. Defendants will show that they used an appropriate amount of force because Plaintiff was refusing orders to return to his housing unit to declare a medical emergency. The evidence will also demonstrate

that Defendants timely and appropriately afforded Plaintiff all necessary medical care.

Defendants Marquez, Fairbairn, Gouty, and Tobin filed a motion for partial dismissal of Plaintiff's operative complaint on June 21, 2024. *See* Motion to Dismiss, ECF No. 29. Specifically, Defendant Marquez has moved to dismiss the excessive for claim against her, while Defendants Fairbairn, Gouty, and Tobin move for dismissal of Plaintiff's failure to train and failure to investigate and/or discipline claims. These Defendants will raise additional defenses in the event their motion to dismiss is denied in whole or in part.

Defendants Juarez and Hanks intend on pursuing the following affirmative defenses, including but not limited to:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendants.

2. Plaintiff cannot establish one or more essential elements of his remaining Eighth Amendment claim(s).

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

4. Defendants affirmatively assert that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

5. Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act, including, but not limited to, the physical injury and exhaustion requirements of the Prison Litigation Reform Act.

6. Plaintiff is not entitled to any relief being sought or claimed in the operative Complaint under the legal theories asserted therein.

7. Plaintiff may have failed to mitigate his damages, if any.

8. Plaintiff's claimed damages, if any, may have been caused by individual(s) or entity(ies) over whom or which Defendants have or had no control.

9. Plaintiff's claimed damages may have been caused by his own negligence.

10. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and state law.

11. Plaintiff may have failed to fulfill all conditions precedent to bringing this action.

c. Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are proposed as being undisputed by Defendants:

a. Plaintiff was an inmate housed at Arkansas Valley Correctional Facility at all times relevant to this action.

b. Defendant Mark Fairborn was the warden at Arkansas Valley Correctional Facility at all times relevant to this action.

   c. Defendant Moraima Marquez was a Sergeant at Arkansas Valley Correctional Facility at all times relevant to this action.

   d. Defendant Jeremiah Juarez was a correctional officer at Arkansas Valley Correctional Facility at all times relevant to this action.

   e. Defendant Lindsay Gouty was a Health Service Administrator at Arkansas Valley Correctional at all times relevant to this action.

   f. Defendant Lorenzo Tobin was a Captain correctional officer at Arkansas Valley Correctional Facility at all times relevant to this action.

   g. Defendant Lisa Hanks was a Nurse at Arkansas Valley Correctional Facility at all times relevant to this action.

## 5. COMPUTATION OF DAMAGES

   a. Plaintiff: Plaintiff respectfully requests that the Court enter judgment in his favor and against the defendants and grant:

      a. Appropriate declaratory relief;

      b. Compensatory and consequential damages, including damages for physical harm, physical depression, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

      c. Monetary damages for all economic and noneconomic loss on

       all claims as allowed by law in an amount to be determined at trial;

   d. Punitive damages on all claims allowed by law and in an amount to be determined at trial;

   e. Attorneys' fees and cost associated with this action on all claims allowed by law;

   f. Pre and post judgment interest at the lawful rates; and

   g. Any further relief that this court deems just and proper, and any other relief as allowed by law.

b. Defendants: Defendants do not claim damages but reserve the right to assert counterclaims and/or cross-claims as necessary.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Because Plaintiff is incarcerated, the parties communicated by correspondence regarding the proposed Scheduling Order. On June 27, 2024, Defendants' counsel had an instructional letter and a copy of the Proposed Scheduling Order delivered to Plaintiff via U.S. mail. The parties have not held any other Rule 26(f) meeting.

b. Names of each participant and party he/she represented:

   i. <u>N/A</u>.

c.  Rule 26(a)(1) disclosures <u>do not apply to this case because Plaintiff is an unrepresented pro se prisoner. Fed. R. Civ. P. 26 (a)(1)(B)(iv).</u>

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): <u>None</u>.

e.  Statement concerning any agreements to conduct informal discovery: <u>None anticipated.</u>

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: <u>None at this point, other than the parties agree to the use of a unified exhibit numbering system</u>.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. <u>Defendants anticipate that most of the documentary evidence in this matter will be stored in readily accessible PDF format. Thus, while most of the evidence is electronically stored, the parties do not anticipate needing to address any of the issues typically associated with disputes over electronically-stored information.</u>

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. <u>Defendants do not anticipate settlement discussions will be productive prior to the exchange of written</u>

7

discovery.

## 7. CONSENT

All parties have not unanimously consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: <u>Defendants propose that the parties may take a maximum of seven depositions each, inclusive of the parties themselves, and a maximum of one deposition per expert witness (if any). The parties do not propose any alterations to the presumptive number of interrogatories (twenty-five).</u>

b. Limitations which any party proposes on the length of depositions: <u>The parties do not plan to exceed the limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I).</u>

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: <u>The parties do not plan to propose more than twenty-five (25) requests for production and/or requests for admission.</u>

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: <u>December 6, 2024 (45 days before discovery cutoff)</u>.

e. Other Planning or Discovery Orders: <u>None, except for perhaps protective orders on certain sensitive CDOC records/policies.</u>

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: <u>September 20, 2024.</u>

b. Discovery Cut-off: <u>January 20, 2025</u>.

c. Dispositive Motion Deadline: <u>February 28, 2025</u>.

d. Expert Witness Disclosure:

　i. The parties shall identify anticipated fields of expert testimony, if any.

　　i. Plaintiff:

　　ii. Defendants: Defendants do not anticipate offering any expert testimony at this time but reserve the right to do so in the event discovery reveals that retaining an expert and/or presenting non-retained expert testimony would be appropriate.

　ii. Limitations which the parties propose on the use or number of expert witnesses: <u>Two retained experts per side, plus any treating health care providers</u>.

　iii. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>  October 22, 2024            </u>. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not*

9

*Provide a Written Report" under Rule 26(a)(2)(C).*

    iv. *The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* __December 2, 2024__ *. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

  a.    Identification of Persons to Be Deposed:

    i.    Plaintiff. (3-4 hours).

    ii.    All treating physicians or other medical providers and/or staff.

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later

than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. <u>None at this time</u>.

b. Anticipated length of trial and whether trial is to the court or jury: <u>Defendants respectfully request a three-day jury trial.</u>

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. <u>None</u>.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 17th day of July, 2024.

BY THE COURT:

_____
Scott T. Varholak
United States Magistrate Judge

APPROVED:

s/_____
Ezamika Brown, Inmate No. 122323
Arkansas Valley Correctional Facility
127500 Hwy 96 at Lane 13
Ordway, CO 81034

s/ *Gregory R. Bueno*
Gregory R. Bueno
Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6644
E-Mail: gregory.bueno@coag.gov
*Attorney for Defendants*