IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00968-GPG-STV

EZAMIKA BROWN,

    Plaintiff,

v.

MARQUEZ, SERGEANT,
JUAREZ, CORRECTIONAL OFFICER,
MARK FAIRBAIRN, WARDEN,
LORENZO TOBIN, CAPTAIN,
LINDSAY GOUTY, HEALTH SERVICE ADMINISTRATOR,
NURSE LISA,
NURSE RAMONA,

    Defendants.

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR PARTIAL MOTION TO DISMISS (DOC. 29) PLAINTIFF'S COMPLAINT (DOC. 1)**

Defendants Moraima Marquez, Mark Fairbairn, Lindsay Gouty, and Lorenzo Tobin (collectively, "CDOC Defendants"), through the Colorado Attorney General, respectfully submit this reply in further support of their Motion for Partial Dismissal of this action. ECF No. 29.

## INTRODUCTION

Plaintiff Ezamika Brown is an inmate who at all times relevant to this action has been incarcerated at Arkansas Valley Correctional Facility (AVCF). *See generally,* Complaint – ECF No. 1.[1] He brings this action pursuant to 42 U.S.C. § 1983, asserting

---

[1] All allegations herein are adopted from Brown's complaint and are recited solely for purposes of providing a narrative for the instant Motion.

1

claims of excessive force, deliberate indifference to his serious medical needs, and failure to train, supervise, and/or investigate. Claim One of Brown's Complaint includes causes of action for both deliberate indifference to medical needs and a claim for excessive force, only the latter of which the CDOC Defendants have moved to dismiss.

According to Brown, he had a surgical procedure to install an implantable cardioverter defibrillator (ICD) in June 2023. Complaint, ECF No. 1 at p. 5. On August 11, 2023, Brown received an automatic shock from the ICD to correct an abnormal heart rhythm. *Id.* He went to the medication distribution line ("med line") to receive his heart medications, at which time he informed defendant Lisa Hanks that he felt dizzy, was short of breath, and had chest pains as a result of the ICD shocking him. *Id.* Rather than being given immediate medical attention, Hanks told Brown to return to his housing unit to declare a medical emergency and threatened to place him in restrictive housing (RH) if he did not do so. *Id.* Because Brown continued to refuse to return to his housing unit, Sgt. Marquez placed him on the ground and handcuffed him. *Id.* Sgt. Marquez then pulled at Brown's wrist and "cranked" the handcuffs. *Id.*

Brown alleges in Claim Two that Defendant Fairbairn and Capt. Tobin failed to train and/or supervise other AVCF staff and/or implemented unconstitutional policies and procedures regarding when it is appropriate to use handcuffs on inmates. *Id.* at p. 7. Similar to Claim Two, Brown contends in Claim Three that Defendant Gouty failed to train and/or supervise medical staff who treated Brown, which in this case include Hanks and a Jane Doe nurse. *Id.* at p. 9. Brown maintains that Gouty failed to train

Hanks as to this policy, though it is unclear exactly *how* Brown came to believe that this is the case. *Id.*

The CDOC Defendants moved for partial dismissal of the Complaint on the following grounds: (1) Brown has not alleged that the force used with regard to his handcuffing was sufficient for a Eighth Amendment violation nor that Sgt. Marquez acted with the requisite mental state; (2) Brown's failure to train and failure to investigate and/or discipline claims against Defendants Fairbairn, Tobin, and Gouty should be dismissed because he has failed to plead facts sufficient to warrant such relief; and (3) the CDOC Defendants are entitled to qualified immunity because Brown has not pleaded facts sufficient to proceed with the excessive force claim or his failure to train and investigate claims. *See generally* Motion to Dismiss - ECF No. 29.

Brown filed a timely response to the Motion to Dismiss. *See* Response - ECF No. 35. The response addresses each of the arguments from the Motion to Dismiss in the order CDOC Defendants presented them. However, Brown, rather than explaining why his claims should proceed and the CDOC Defendants' are legally deficient, merely expresses disagreement with the CDOC Defendants' arguments. More glaringly, Brown frequently makes factual claims that were not raised in the Complaint or includes far more detail than was initially present. Accordingly, the CDOC Defendants will herein briefly address each of Brown's responses and state why the newly-alleged facts should not be considered.

## ARGUMENT

**I.      New factual allegations in the Response are not properly before this Court.**

Throughout his Response, Brown makes new factual allegations that do not appear in his Second Amended Complaint. *Compare* ECF No. 35, *with* ECF No. 1. The Court should not consider these new factual allegations because, with a few narrow exceptions, courts may consider only the facts alleged within the operative complaint in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), "a federal court may only consider facts alleged within the complaint." *County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (citation omitted). There are a few exceptions to this rule. For example, a court may consider "mere argument contained" in a response to a motion to dismiss, exhibits attached to a complaint, or "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (internal quotations and citations omitted). Additionally, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion . . . [such as a court's] own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotation marks and citations omitted). Absent these limited applicable exceptions, however, courts generally refuse to consider facts appearing outside of the operative complaint because a court's function in ruling on a motion to dismiss is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Stinson v. Maynard*, 341 F. App'x 413, 417 (10th Cir.

4

2009) (refusing to consider plaintiff's "sworn testimony" in ruling on a motion to dismiss); see also Abdulina v. Eberl's Temp. Servs., Inc., 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) ("Plaintiff . . . cannot amend [his] complaint by adding factual allegations in response to Defendant's motion to dismiss") (citing Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995)).

Brown's Response includes several new facts not alleged in the Complaint, including, for example, the following:

- Officer Marquez "used both of her hands to grab the handcuffs around Mr. Brown's wrist and began to twist (crank) the metal handcuffs on the skin and bone of Mr. Brown's wrist, causing the metal and the bone to deeply grind against each other; which cause[d] agonizing pain. ECF No. 35 at 2;

- The "cranking" of the handcuffs Brown initially mentioned lasted "for a prolonged unnecessary amount of time (possibly minutes)"; Id.;

- "At no point during Marquez's use of force did she (or any CDOC employee) stop this excessive force when Mr. Brown cried out in pain." Id.;

- "AVCF is a medical facility, meaning, unlike other facilities in CDOC, AVCF, house inmates with sufficiently serious medical issues … Warden Fairbairn and Capt. Tobin are aware that there is inmates who have sufficiently serious (potentially life-threatening) medical issues in their care. Despite this knowledge, Fairbairn and Tobin task Marquez with unmonitored access with inmates with serious medical issues. It is clear that Marquez's proclivity to use force would eventually harm an inmate with sufficiently serious medical issue at AVCF." Id. at 4-5; and

- Defendant Marquez is "'so out of control' and unsupervised/undisciplined that on June 13, 2024 . . . she physically assaulted one of her co-workers." Id. at 5;

5

These new facts do not fit any exception for considering information outside of the facts alleged in the complaint at motion to dismiss stage—they are not simply arguments, they do not involve exhibits attached to the operative complaint or documents referred to in the operative complaint that are central to Brown's claims, and they do not involve facts subject to judicial notice. Because the Court's function is to "assess whether the plaintiff's *complaint alone is legally sufficient* to state a claim for which relief may be granted," it may not consider these new facts in resolving the Motion to Dismiss. *Stinson*, 341 F. App'x at 417 (emphasis added).

II.     **Brown has not alleged that the force used with regard to his handcuffing was sufficient to give rise to an Eighth Amendment violation, nor that Sgt. Marquez acted with a sufficiently culpable state of mind.**

For the reasons set forth in the CDOC Defendants' Motion, the excessive force component of Brown's Eighth Amendment claim should be dismissed because his description of the handcuffing is exceedingly vague and conclusory. In the Eighth Amendment context, "an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Marshall v. Milyard*, 415 F. App'x 850, 852 (10th Cir. 2011) (quoting *Smith v. Cochran,* 339 F.3d 1205, 1212 (10th Cir. 2003)). The subjective component "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.*

6

Brown's allegation that Sgt. Marquez allegedly "cranked" the handcuffs as she was taking them off of Brown's wrists is not objectively serious enough to violate the Eighth Amendment because Brown's Complaint – as opposed to his Response to the Motion to Dismiss – contains no details about this action except that the handcuffs were "cranked," that he experienced significant pain, and that he believed, without further explanation, that Sgt. Marquez cranked the handcuffs for the express purpose of inflicting pain. Complaint, ECF No. 1 at p. 6. It is not at all clear what Brown means when he claims that Sgt. Marquez "cranked" the handcuffs. While Brown tries to expand on what he meant by the term "cranked" in his Response, *see* Response, ECF No. 35 at pp. 2-3, he does not actually explain why the allegations *in his Complaint* satisfied the objective prong. And as explained in Argument Point I above, these new details about the handcuffing cannot be considered when deciding the CDOC Defendants' Motion to Dismiss. But the allegations that *can* be considered are insufficient to proceed with an Eighth Amendment claim. *See Dennis v. Watco Cos., Inc.,* 631 F.3d at 1305 (finding that a plaintiff's complaint "must include enough facts to 'nudge[ ] [his] claims across the line from conceivable to plausible.'").

Brown has also not shown why he has alleged sufficient facts to proceed with the subjective component of an excessive force claim. Brown claims that Sgt. Marquez cranked the handcuffs while removing them in order to intentionally inflict pain but does not include any factual allegations supporting this belief. *See* Complaint, ECF No. 1 at pp. 4-6. By failing to include such allegations and relying solely on the assumption that Sgt. Marquez simply must have acted maliciously when removing the handcuffs, Brown

7

is effectively reciting the subjective prong of an excessive force claim rather than explaining exactly *how* Sgt. Marquez's actions satisfy it. Any attempts to expand on the subjective component in the Response also cannot be considered for the reasons set forth in Argument Point I, *supra.* Brown's excessive force claim against Sgt. Marquez should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Brown's failure to train and failure to investigate and/or discipline claims should be dismissed because he has failed to plead facts sufficient to warrant such relief.

Brown also fails to raise any viable arguments in response to the CDOC Defendants' arguments that the failure to train, supervise, and investigate and/or discipline claims as set forth against Warden Fairbairn, Capt. Tobin, and Gouty in Claims Two and Three should be dismissed.[2]

"Under a failure to train claim, a plaintiff must ordinarily show a defendant had 'actual or constructive notice that a particular omission in [a training] program cause[d] officials] to violate citizens' constitutional rights' and nonetheless 'made a conscious choice to retain [the] deficient training program.'" *Hurst v. Madera*, No. 16-CV-01914-KMT, 2018 WL 684769, at *5 (D. Colo. Feb. 2, 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Absent a pattern of preexisting constitutional violations – which Brown does not allege – a § 1983 failure to train claim can only proceed "in a narrow range of circumstances, [where] a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle

---

[2] The CDOC Defendants do not seek to dismiss Claims Two and Three to the extent Brown raises failure to supervise and/or seeks to hold any defendant liable for *promulgating constitutionally deficient policies.*

8

recurring situations." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997).

Here, there are no allegations that Warden Fairbairn, Capt. Tobin, and Gouty were actually or constructively aware of deficiencies in a *training program* that caused any other CDOC official to violate Brown's rights and then made the *conscious choice* to retain that program. Any failure to train claim is therefore fatally deficient on its face and should be dismissed.

The same is true for Brown's failure-to-investigate and/or discipline claims. Where, as in this case, a plaintiff alleges only that a supervisor failed to investigate or discipline a subordinate *after* the particular purported constitutional violations in question, the Tenth Circuit has noted that "basic [principles] of linear time prevent us from seeing how conduct that occurs after the alleged violation could have somehow caused that violation." *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009); *accord Estate of Lobato by & through Montoya v. Correct Care Sols., LLC*, No. 15-CV-02718-PAB-STV, 2017 WL 1197295, at *9 (D. Colo. Mar. 31, 2017).

Brown alleges that Warden Fairbairn and Capt. Tobin knew that Defendant Marquez had harassed and threatened Brown in the months *following* Sgt. Marquez's "constitutional violation" but failed to investigate or discipline her (or Juarez) for the purported violation, harassment, and threats. Complaint, ECF No. 1 at p. 8. Since it appears that Brown is referring to Fairbairn and Tobin's failure to investigate or discipline solely in relation to the alleged misconduct described in the Complaint, the Tenth Circuit's observation holds.

A plaintiff asserting a failure to discipline § 1983 claim must show a "direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Any failure to investigate or discipline a subordinate that necessarily would have occurred after the constitutional violation in question could not have caused that violation in the first place. *See Cordova*, 569 F.3d at 1194. While Brown argues in his Response that he was actually referring to misconduct that occurred before the interaction arising from his ICD shock, *see* Response, ECF NO. 35 at pp. 5-6, this claim is belied by his allegations in the Complaint that he is specifically referring to misconduct that occurred *after the fact*. Complaint, ECF No. 1 at p. 8. As such, Brown also has failed to plead facts to allow his supervisor liability claim against Defendants Fairbairn and Tobin to proceed under a failure to investigate/failure to discipline theory.

## CONCLUSION

For these reasons, and for all the reasons set forth in their Motion to Dismiss, Defendants respectfully submit that Brown's Complaint should be dismissed in part for failure to state a claim upon which relief can be granted.

Respectfully submitted on this 31st day of July, 2024,

PHILIP J. WEISER
Attorney General

*s/ Gregory R. Bueno*
GREGORY R. BUENO*
ABIGAIL L. SMITH*
Assistant Attorneys General
Civil Litigation & Employment Section

*Attorneys for Defendants*
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone: (720) 508-6000
Fax: (720) 508-6032
Email: kristin.lindemann@coag.gov
gregory.bueno@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANTS' MOTION DISMISS PLAINTIFF'S AMENDED COMPLAINT upon all parties herein by e-filing with the CM/ECF system maintained by the court on July 31, 2024, or by depositing copies of same in the United States mail on August 1, 2024, addressed as follows:

Ezamika Brown #116759
Arkansas Valley Correctional Facility
12750 Highway 96 at Lane 13
Ordway, CO 81034
*Plaintiff, Pro Se*


**Courtesy copy emailed to client representative:**

Anthony DeCesaro
Associate Director of Legal Services, CDOC


*s/ Elle Di Muro*