IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00968-GPG-STV

EZAMIKA BROWN,

    Plaintiff,

v.

MARQUEZ, SERGEANT,
JUAREZ, CORRECTIONAL OFFICER,
MARK FAIRBAIRN, WARDEN,
LORENZO TOBIN, CAPTAIN,
LINDSAY GOUTY, HEALTH SERVICE ADMINISTRATOR,
NURSE LISA HANKS,
NURSE RAMONA,

    Defendants.

## CDOC DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 45)

Defendants Moraima Marquez, Jeremiah Juarez, Mark Fairbairn, Lorenzo Tobin, Lindsay Gouty, and Lisa Hanks (collectively, CDOC Defendants)[1], by and through the Colorado Attorney General, respectfully submits his Answer and Affirmative Defenses to Plaintiff's Amended Complaint. ECF No. 45.

## GENERAL DENIAL

CDOC Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

---

[1] Nurse Ramona has not yet been served and is not currently represented by the Colorado Attorney General's office. ECF No. 10.

A. **PLAINTIFF INFORMATION**

Admitted.

B. **DEFENDANT(S) INFORMATION**

**Defendant 1**: Sergeant Marquez and Correctional Officer Juarez: Sgt. Marquez and Correctional Officer Juarez admit that they were employed by the Colorado Department of Corrections (CDOC) as correctional officers at all times relevant to this action but deny that they violated any of Plaintiff's rights or that he is entitled to any relief he seeks.

**Defendant 2**: Warden Mark Fairbairn and Captain Lorenzo Tobin: Warden Fairbairn admits that he was employed by the Colorado Department of Corrections (CDOC) as warden of Arkansas Valley Correctional Facility (AVCF) at all times relevant to this action. Capt. Tobin admits that he was employed by CDOC as a correctional officer and was serving as a Shift Commander at all times relevant to this action. Warden Fairbairn and Capt. Tobin deny that they have violated any of Plaintiff's rights or that he is entitled to any relief he seeks.

**Defendant 3**: Lindsay Gouty (HSA) – Health Services Administrator: HSA Gouty admits that she was employed by CDOC and was serving as an HSA at AVCF at all times relevant to this action but denies that she has violated any of Plaintiff's rights or that he is entitled to any relief he seeks.

**Defendant 4**: Nurse Lisa (Lisa Hanks) – Defendant Hanks admits that she was employed by CDOC as a nurse at all times relevant to this action but denies that

she has violated any of Plaintiff's rights or that he is entitled to any relief he seeks.

## C. JURISDICTION

CDOC Defendants admit that they are being sued pursuant to 42 U.S.C. § 1983. To the extent this paragraph can be construed as raising allegations of operative fact against CDOC Defendants, the same are denied.

## D. STATEMENT OF CLAIMS

**CLAIM ONE: DELIBERATE INDIFFERENCE AGAINST DEFENDANTS MARQUEZ AND JUAREZ AND EXCESSIVE FORCE AGAINST DEFENDANT MARQUEZ**

As a preliminary matter, Plaintiff structures Claim One as containing two distinct causes of action: one against defendants Marquez and Juarez for deliberate indifference to a serious medical need in their "gatekeeper" roles, and a separate excessive force claim against defendant Marquez arising solely from her purported application and/or removal of Plaintiff's handcuffs. There are also some paragraphs in Claim One that contain allegations against Defendant Hanks even though she is not listed as a defendant in the heading of the Claim. Defendant Hanks will respond only to those allegations that directly identify or which appear to imply her involvement.

1. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

2. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

3. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

4. Defendant Hanks is without sufficient information to form a belief as to the allegations raised herein.

5. Defendant Hanks denies the allegations set forth in this paragraph.

6. Defendant Hanks admits to telling Plaintiff to return to his housing unit to declare a medical emergency but cannot confirm that the words attributed to her are verbatim. Defendant Hanks denies the remaining allegations in this paragraph.

7. Defendant Hanks admits that Plaintiff was told to go back to his housing unit to declare a medical emergency. Nurse Hanks is without sufficient information to form a belief as to the remaining allegations raised herein and therefore denies the same.

8. Defendant Juarez admits that Plaintiff was told to go back to his housing unit to declare a medical emergency. Defendant Juarez is without sufficient information to form a belief as to the remaining allegations raised herein and therefore denies the same.

9. Defendant Juarez is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

10. Defendant Marquez admits she spoke to Plaintiff but denies the remaining allegations in this paragraph.

11. Defendant Marquez admits that Plaintiff stated he needed medical treatment but is without sufficient information to form a belief as to the remaining allegations in this paragraph and therefore denies the same.

12. Defendant Marquez admits telling Plaintiff to return to his housing unit to declare a medical emergency. Defendant Marquez denies the remaining allegations in this paragraph.

13. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

14. Defendant Marquez admits Plaintiff was placed in wrist restraints. Defendant Marquez denies the remaining allegations in this paragraph.

15. CDOC Defendants deny the allegations in this paragraph.

16. Defendant Marquez denies the allegations in this paragraph.

17. Defendants Marquez and Juarez deny the allegations in this paragraph.

18. CDOC Defendants admit that Exhibit A purports to be an affidavit from inmate Larry Fuller (#54946). CDOC Defendants are without sufficient information to form a belief as to the remaining allegations in this paragraph and therefore deny the same.

19. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

20. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

21. Defendants Juarez, Marquez, and Hanks admit that Plaintiff asked to declare a medical emergency. These Defendants are without sufficient information to form a belief as to the remaining allegations in this paragraph and therefore deny the same.

22. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

23. CDOC Defendants deny the allegations in this paragraph.

24. CDOC Defendants admit that Plaintiff's hands were cuffed behind his back. DOC Defendants are without sufficient information to form a belief as to the remaining allegations in this paragraph and therefore deny the same.

25. Defendant Marquez admits that Captain Tobin ordered that the handcuffs be removed off Plaintiff. Defendant Marquez is without sufficient information to from a belief as to the remaining allegations herein and therefore denies the same.

26. Defendant Marquez denies the allegations in this paragraph.

27. Defendant Marquez denies the allegations in this paragraph.

28. Defendant Marquez is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

29. Defendant Marquez denies the allegations in this paragraph.

30. CDOC Defendants deny the allegations in this paragraph.

31. CDOC Defendants deny the allegations in this paragraph.

32. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

33. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

34. CDOC Defendants admit Plaintiff was seen by the AVCF medical department and transported to the hospital. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

35. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

36. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

37. CDOC Defendants admit Plaintiff was taken to the hospital on August 11, 2023. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

38. Defendants Juarez and Marquez deny the allegations in this paragraph.

39. Defendants Juarez and Marquez deny the allegations in this paragraph.

40. Defendant Marquez denies the allegations in this paragraph.

41. CDOC Defendants deny the allegations in this paragraph.

42. CDOC Defendants admit CDOC retained video footage of the incident giving rise to the claims in this case. CDOC Defendants deny the remaining allegations in this paragraph.

**CLAIM TWO: FAILURE TO TRAIN, FAILURE TO SUPERVISE, FAILURE TO INVESTIGATE, POLICIES/CUSTOMS/PRACTICES AGAINST DEFENDANTS FAIRBAIRN AND TOBIN**

Defendants Fairbairn and Tobin incorporate all previous responses to Plaintiff's allegations as if set forth at length herein. Defendants Fairbairn and Tobin deny the allegations against them contained in the unenumerated introductory paragraph.

43. Defendants Fairbairn and Tobin are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

44. Defendants Fairbairn and Tobin deny the allegations in this paragraph.

45. Defendants Fairbairn and Tobin deny the allegations in this paragraph.

46. Defendant Fairbairn is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

47. Defendant Tobin is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

48. CDOC Defendants deny the allegations in this paragraph. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

49. CDOC Defendants admit that AVCF has a medical department. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

50. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

51.  CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

52.  Defendants Fairbairn and Tobin are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

53.  CDOC Defendants deny the allegations in this paragraph. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

54.  CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same. To the extent Plaintiff cites authority or refers to CDOC policies, no response is required; the cases and policies speak for themselves.

55.  CDOC Defendants deny the allegations in this paragraph.

56.  Defendants Fairbairn and Tobin deny the allegations in this paragraph.

Defendants Fairbairn and Tobin deny the allegations against them contained in the unenumerated sentence between paragraphs 56 and 57.

57.  CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

58.  CDOC Defendants admit CDOC retained video footage of the incident giving rise to the claims in this case. CDOC Defendants deny the remaining allegations in this paragraph.

59. Defendants Fairbairn and Tobin deny the allegations in this paragraph. To the extent Plaintiff cites authority, no response is required; the cases speak for themselves.

60. CDOC Defendants deny the allegations in this paragraph.

61. CDOC Defendants deny the allegations in this paragraph.

62. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

63. CDOC Defendants deny the allegations in this paragraph.

64. CDOC Defendants admit CDOC retained video footage of the incident giving rise to the claims in this case. CDOC Defendants deny the remaining allegations in this paragraph.

65. CDOC Defendants deny the allegations in this paragraph.

66. CDOC Defendants deny the allegations in this paragraph.

67. CDOC Defendants deny the allegations in this paragraph.

68. CDOC Defendants deny the allegations in this paragraph.

69. CDOC Defendants are without sufficient information to form a belief as to the allegations raised herein and therefore deny the same.

70. Defendants Fairbairn and Tobin deny the allegations in this paragraph.

71. Defendants Fairbairn and Tobin deny the allegations in this paragraph. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

**CLAIM THREE: HEALTH SERVICES ADMINISTRATOR LINDSAY GOUTY'S FAILURE TO TRAIN, FAILURE TO SUPERVISE, FAILURE TO INVESTIGATE, POLICIES/CUSTOMS/PRACTICES CAUSING CONSTITUTIONAL VIOLATIONS**

Defendant Gouty incorporates all previous responses to Plaintiff's allegations as if set forth at length herein. Defendant Gouty denies the allegations against her contained in the unenumerated introductory paragraph.

72. Defendant Gouty admits that she trains and supervises medical staff. Defendant Gouty denies the remaining allegations in this paragraph.

73. Defendant Gouty denies the allegations in this paragraph.

74. Defendant Gouty denies the allegations in this paragraph.

75. Defendant Gouty denies the allegations in this paragraph.

76. Defendant Gouty is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

77. Defendant Gouty is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same. To the extent Plaintiff refers to CDOC policies, no response is required; the policies speak for themselves.

78. To the extent Plaintiff cites authority or refers to CDOC policies, no response is required; the cases and policies speak for themselves.

79. Defendant Gouty denies the allegations in this paragraph.

80. Defendant Gouty is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

81. Defendant Gouty denies the allegations in this paragraph.

82. CDOC Defendants deny the allegations in this paragraph.

83. Defendant Gouty denies the allegations in this paragraph.

84. Defendant Gouty is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

85. Defendant Gouty is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

86. Defendant Gouty denies the allegations in this paragraph.

**CLAIM FOUR: DEFENDANT NURSE LISA (LISA HANKS) AND NURSE RAMONA DELIBERATE INDIFFERENCE TO BROWN'S SERIOUS MEDICAL NEED.**

Defendant Hanks incorporates all previous responses to Plaintiff's allegations as if set forth at length herein. CDOC Defendants deny the allegations against them contained in the unenumerated introductory paragraph.

87. Defendant Hanks is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

88. To the extent Plaintiff cites authority or refers to CDOC policies, no response is required; the cases and policies speak for themselves.

89. Defendant Hanks denies the allegations set forth in this paragraph.

90. Defendant Hanks is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

91. Defendant Hanks denies the allegations set forth in this paragraph.

92. Defendant Hanks admits telling Plaintiff to return to his housing unit to declare a medical emergency. Defendant Hanks denies the remaining allegations in this paragraph.

93. Defendant Hanks denies the allegations set forth in this paragraph.

### E. PREVIOUS LAWSUITS

CDOC Defendants are without sufficient information to form a belief as to the allegations herein and therefore deny the same.

### F. ADMINISTRATIVE REMEDIES

CDOC Defendants are without sufficient information to form a belief as to the allegations herein and therefore deny the same.

### G. REQUEST FOR RELIEF

CDOC Defendants deny that Plaintiff should be afforded any of the relief set forth herein.

### H. PLAINTIFF'S SIGNATURE

This paragraph does not contain any allegations of operative fact. Accordingly, no response is required.

### SEPARATE AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted against CDOC Defendants.

2. Plaintiff's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

3. CDOC Defendants affirmatively assert that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4. CDOC Defendants affirmatively assert that they followed the regulations and procedures established by the CDOC and all other applicable laws and regulations, with respect to the claims at issue.

5. CDOC Defendants' actions, applicable CDOC regulations, and applicable laws are supported by legitimate penological interests, goals and objectives.

6. CDOC Defendants' actions, applicable CDOC regulations, and applicable laws are supported by compelling interests, goals and objectives, and constitute the least restrictive means of effectuating those interests, goals and objectives.

7. Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, including, but not limited to, the physical injury and exhaustion requirements.

8. Plaintiff's claims against CDOC Defendants may be barred in whole or in part by the applicable statute(s) of limitations.

9. CDOC Defendants may not be held liable under an impermissible theory of *respondeat superior*.

10. Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel and res judicata.

11. Plaintiff is not entitled to any relief being sought or claimed in the Complaint under the legal theories asserted therein.

12. Plaintiff's claims fail to state a claim upon which relief can be granted as CDOC Defendants may not have personally participated in the events complained of.

13. Plaintiff may have failed to mitigate his damages, if any.

14. Plaintiff's claimed damages, if any, may have been caused by individual(s) or entity(ies) over whom or which Defendants have or had no control.

15. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any alleged acts or omissions of or by CDOC Defendants, nor were they proximately caused by or related to any alleged acts or omissions of CDOC Defendants.

16. Plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel, and laches.

17. Plaintiff's claimed damages may have been caused by the negligence of Plaintiff.

18. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and state law. This includes but is not limited to the PLRA's limitations on the recovery of compensatory damages.

19. Plaintiff may have failed to fulfill all conditions precedent to bringing this action.

20. Defendants reserve the right to assert additional defenses that become known during the course of discovery.

## **JURY DEMAND**

CDOC Defendants respectfully request a trial by jury.

Respectfully submitted on this 27th day of January, 2025,

PHILIP J. WEISER
Attorney General

s/ Abigail L. Smith
ABIGAIL L. SMITH*
JOSHUA URQUHART*
Assistant Attorneys General
Colorado Department of Law
*Attorneys for CDOC Defendants*
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone: 720-508-6000
E-Mail: abigail.smith@coag.gov
*Attorneys of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **CDOC DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 45)** herein by e-filing with the CM/ECF system maintained by the court on January 27, 2025, and by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, on January 28, 2025 addressed as follows:

| | |
|---|---|
| Ezamika Brown #116759<br>Arkansas Valley Correctional Facility<br>12750 Highway 96 at Lane 13<br>Ordway, CO 81034<br>*Plaintiff, Pro Se* | *Courtesy copy e-mailed to client Representative:*<br>Anthony DeCesaro,<br>Associate Director of Legal Services, CDOC |

s/ James Mules