IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00968-GPG-STV

EZAMIKA BROWN,

    Plaintiff,

v.

MARQUEZ, SERGEANT,
JUAREZ, CORRECTIONAL OFFICER,
MARK FAIRBAIRN, WARDEN,
LORENZO TOBIN, CAPTAIN,
LINDSAY GOUTY, HEALTH SERVICE ADMINISTRATOR,
NURSE LISA HANKS,
NURSE RAMONA,

    Defendants.

## DEFENDANT CARPIO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 45)

Defendant Ramona Carpio, by and through the Colorado Attorney General, respectfully submits her Answer and Affirmative Defenses to Plaintiff's Amended Complaint. ECF No. 45.[1]

### GENERAL DENIAL

Defendant Carpio denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

---

[1] Defendants Marquez, Juarez, Fairbairn, Tobin, Gouty, and Hanks answered the Amended Complaint on January 27, 2025. ECF No. 58.

### A. PLAINTIFF INFORMATION

Admitted.

### B. DEFENDANT(S) INFORMATION

**Defendant 4**: Nurse Ramona (Ramona Carpio) – Defendant Carpio admits that she was employed by CDOC as a nurse at all times relevant to this action but denies that she has violated any of Plaintiff's rights or that he is entitled to any relief he seeks.

### C. JURISDICTION

Defendant Carpio admits that she is being sued pursuant to 42 U.S.C. § 1983. To the extent this paragraph can be construed as raising allegations of operative fact against Defendant Carpio, the same are denied.

### D. STATEMENT OF CLAIMS

**CLAIM ONE: DELIBERATE INDIFFERENCE AGAINST DEFENDANTS MARQUEZ AND JUAREZ AND EXCESSIVE FORCE AGAINST DEFENDANT MARQUEZ**

As a preliminary matter, Plaintiff structures Claim One as containing two distinct causes of action: one against Defendants Marquez and Juarez for deliberate indifference to a serious medical need in their "gatekeeper" roles, and a separate excessive force claim against Defendant Marquez arising solely from her purported application and/or removal of Plaintiff's handcuffs. There are also some paragraphs in Claim One that contain allegations against Defendant Carpio even though she is not listed as a defendant in the heading of the Claim. Defendant Carpio will respond only to those allegations that directly identify her or which appear to imply her involvement.

1. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

2. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

3. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

4. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein.

5. Defendant Carpio denies the allegations set forth in this paragraph.

6. Defendant Carpio admits to telling Plaintiff to return to his housing unit to declare a medical emergency but cannot confirm that the words attributed to her are verbatim. Defendant Carpio denies the remaining allegations in this paragraph.

7. Defendant Carpio admits that Plaintiff was told to go back to his housing unit to declare a medical emergency. Defendant Carpio is without sufficient information to form a belief as to the remaining allegations raised herein and therefore denies the same.

8.– 20. The allegations in these paragraphs do not pertain to Defendant Carpio, therefore, no response from her is required. However, to the extent that a response is required, Defendant Carpio denies the same.

21. Defendant Carpio admits that Plaintiff asked to declare a medical emergency. She is without sufficient information to form a belief as to the remaining allegations in this paragraph and therefore denies the same.

22.     Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

23.     Defendant Carpio denies the allegations in this paragraph.

24.     Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

25.-33.     The allegations in these paragraphs do not pertain to Defendant Carpio, therefore, no response from her is required. However, to the extent that a response is required, Defendant Carpio denies the same.

34.     Defendant Carpio admits Plaintiff was seen by the AVCF medical department and transported to the hospital. She is without sufficient information to form a belief as to the remaining allegations raised herein and therefore denies the same.

35.     Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

36.     Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

37.     Defendant Carpio admits Plaintiff was taken to the hospital on August 11, 2023. She is without sufficient information to form a belief as to the remaining allegations raised herein and therefore denies the same.

38.-40.     The allegations in these paragraphs do not pertain to Defendant Carpio, therefore, no response from her is required. However, to the extent that a response is required, Defendant Carpio denies the same.

41.     Defendant Carpio denies the allegations in this paragraph.

42. Defendant Carpio admits CDOC retained video footage of the incident giving rise to the claims in this case. Defendant Carpio denies the remaining allegations in this paragraph.

**CLAIM TWO: FAILURE TO TRAIN, FAILURE TO SUPERVISE, FAILURE TO INVESTIGATE, POLICIES/CUSTOMS/PRACTICES AGAINST DEFENDANTS FAIRBAIRN AND TOBIN**

The allegations contained in Claim Two in Section "D" of the Amended Complaint pertain only to Defendants Fairbairn and Tobin, therefore, no response from Defendant Carpio is required. However, to the extent that a response is required, Defendant Carpio denies the same.

**CLAIM THREE: HEALTH SERVICES ADMINISTRATOR LINDSAY GOUTY'S FAILURE TO TRAIN, FAILURE TO SUPERVISE, FAILURE TO INVESTIGATE, POLICIES/CUSTOMS/PRACTICES CAUSING CONSTITUTIONAL VIOLATIONS**

The allegations contained in Claim Three in Section "D" of the Amended Complaint pertain only to Defendant Gouty, therefore, no response from Defendant Carpio is required. However, to the extent that a response is required, Defendant Carpio denies the same.

**CLAIM FOUR: DEFENDANT NURSE LISA (LISA HANKS) AND NURSE RAMONA (RAMONA CARPIO) DELIBERATE INDIFFERENCE TO BROWN'S SERIOUS MEDICAL NEED.**

Defendant Carpio incorporates all previous responses to Plaintiff's allegations as if set forth at length herein. Defendant Carpio denies the allegations against her contained in the unenumerated introductory paragraph.

87. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

88. To the extent Plaintiff cites authority or refers to CDOC policies, no response is required; the cases and policies speak for themselves.

89. Defendant Carpio denies the allegations set forth in this paragraph.

90. Defendant Carpio is without sufficient information to form a belief as to the allegations raised herein and therefore denies the same.

91. Defendant Carpio denies the allegations set forth in this paragraph.

92. Defendant Carpio admits telling Plaintiff to return to his housing unit to declare a medical emergency. Defendant Carpio denies the remaining allegations in this paragraph.

93. Defendant Carpio denies the allegations set forth in this paragraph.

### E. PREVIOUS LAWSUITS

Defendant Carpio is without sufficient information to form a belief as to the allegations herein and therefore denies the same.

### F. ADMINISTRATIVE REMEDIES

Defendant Carpio is without sufficient information to form a belief as to the allegations herein and therefore denies the same.

### G. REQUEST FOR RELIEF

Defendant Carpio denies that Plaintiff should be afforded any of the relief set forth herein.

### H. PLAINTIFF'S SIGNATURE

This paragraph does not contain any allegations of operative fact. Accordingly, no response is required.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendant Carpio.

2. Plaintiff's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

3. Defendant Carpio affirmatively asserts that Plaintiff's federal and state rights were not violated, and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4. Defendant Carpio affirmatively asserts that she followed the regulations and procedures established by the CDOC and all other applicable laws and regulations, with respect to the claims at issue.

5. Defendant Carpio's actions, applicable CDOC regulations, and applicable laws are supported by legitimate penological interests, goals and objectives.

6. Defendant Carpio's actions, applicable CDOC regulations, and applicable laws are supported by compelling interests, goals and objectives, and constitute the least restrictive means of effectuating those interests, goals and objectives.

7. Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, including, but not limited to, the physical injury and exhaustion requirements.

8. Plaintiff's claims against Defendant Carpio may be barred in whole or in part by the applicable statute(s) of limitations.

9. Defendant Carpio may not be held liable under an impermissible theory of *respondeat superior.*

10. Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel and res judicata.

11. Plaintiff is not entitled to any relief being sought or claimed in the Complaint under the legal theories asserted therein.

12. Plaintiff's claims fail to state a claim upon which relief can be granted as Defendant Carpio may not have personally participated in the events complained of.

13. Plaintiff may have failed to mitigate his damages, if any.

14. Plaintiff's claimed damages, if any, may have been caused by individual(s) or entity(ies) over whom or which Defendant Carpio has or had no control.

15. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any alleged acts or omissions of or by Defendant Carpio, nor were they proximately caused by or related to any alleged acts or omissions of Defendant Carpio.

16. Plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel, and laches.

17. Plaintiff's claimed damages may have been caused by the negligence of Plaintiff.

18. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and state law. This includes but is not limited to the PLRA's limitations on the recovery of compensatory damages.

19. Plaintiff may have failed to fulfill all conditions precedent to bringing this action.

20. Defendant Carpio reserves the right to assert additional defenses that become known during the course of discovery.

## JURY DEMAND

Defendant Carpio respectfully requests a trial by jury.

Respectfully submitted on this 22nd day of April, 2025,

PHILIP J. WEISER
Attorney General

*s/ Abigail L. Smith*
ABIGAIL L. SMITH*
JOSHUA URQUHART*
Assistant Attorneys General
Colorado Department of Law
*Attorneys for Defendant Carpio*
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone: 720-508-6000
E-Mail: abigail.smith@coag.gov
*Attorneys of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **DEFENDANT CARPIO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 45)** herein by e-filing with the CM/ECF system maintained by the court on April 22, 2025, and by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, on April 23, 2025 addressed as follows:

Ezamika Brown #116759
Arkansas Valley Correctional Facility
12750 Highway 96 at Lane 13
Ordway, CO 81034
*Plaintiff, Pro Se*

*Courtesy copy e-mailed to client Representative:*
Anthony DeCesaro,
Associate Director of Legal Services, CDOC


*s/ James Mules*